UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

U.S.   vs.  James Ward Jackson             Docket Number: 1:21-CR-00120-WES-PAS-1

### PETITION FOR ACTION ON CONDITIONS OF PRETRIAL SERVICES RELEASE

Comes now David A. Picozzi, U.S. Probation Officer, presenting an official report upon the conduct of defendant, James Ward Jackson, who was placed under pretrial release supervision by the Honorable Patricia A. Sullivan, United States Magistrate Judge on November 3, 2021.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The defendant violated federal, state and local laws while on release - specifically the defendant has accessed child pornography and is the target of a local/state law enforcement investigation. Also, the defendant possessed and accessed computer equipment not authorized/approved by the USPO.

**PRAYING THAT THE COURT WILL ORDER** the issuance of a Warrant for the defendant to appear for a Bail Revocation Hearing.

ORDER OF THE COURT

Considered and ordered this  12th  day

of  July  , 2022, and ordered filed

and made a part of the records in the above case.

/s/ Patricia A. Sullivan

Patricia A. Sullivan
U.S. Magistrate Judge

Date  7/12/2022

I declare under the penalty of perjury that the foregoing is true and correct:

*DAPicozzi*

David A. Picozzi
U.S. Probation Officer

Date  July 12, 2022

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

U.S. vs. James Ward Jackson        Docket Number: 1:21-CR-00120-WES-PAS-1

**PETITION FOR ACTION ON CONDITIONS OF PRETRIAL SERVICES RELEASE**

Comes now David A. Picozzi, U.S. Probation Officer, presenting an official report upon the conduct of defendant, James Ward Jackson, who was placed under pretrial release supervision by the Honorable Patricia A. Sullivan, United States Magistrate Judge on November 3, 2021.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The defendant violated federal, state and local laws while on release - specifically the defendant has accessed child pornography and is the target of a local/state law enforcement investigation. Also, the defendant possessed and accessed computer equipment not authorized/approved by the USPO.

**PRAYING THAT THE COURT WILL ORDER** the issuance of a Warrant for the defendant to appear for a Bail Revocation Hearing.

ORDER OF THE COURT

Considered and ordered this _____ day

of _____, 2022, and ordered filed

and made a part of the records in the above case.

_____
Patricia A. Sullivan
U.S. Magistrate Judge

Date _____

I declare under the penalty of perjury that the foregoing is true and correct:

*DAPicozzi*
_____
David A. Picozzi
U.S. Probation Officer

Date July 12, 2022

# UNITED STATES PROBATION OFFICE

# MEMORANDUM

TO: Honorable Patricia A. Sullivan
U.S. Magistrate Judge

FROM: David A. Picozzi
U.S. Probation Officer
Location Monitoring Specialist

DATE: July 12, 2022

SUBJECT: JACKSON, James Ward
1:21-CR-00120-WES-PAS-1
PRE-TRIAL SERVICES VIOLATION MEMORANDUM
Pursuant to Title 18, United States Code, Section 3154(5)



## PRESENT RELEASE STATUS

On November 3, 2021, Mr. Jackson appeared with counsel, John L. Calcagni, before the Court for an initial appearance after being charged in a Criminal Complaint with Possession of Child Pornography and Distribution and of Child Pornography. Assistant U.S. Attorney John P. McAdams appeared on behalf of the government. Mr. Jackson waived his preliminary exam at the time. The court accepted Mr. Jackson's waiver, and after hearing from all parties, ordered him released on a $10,000 unsecured bond with the mandatory condition that the defendant not violate a federal, local, or state offense. In addition, the following conditions of pretrial release were ordered:

1. Report to the U.S. Probation Department as instructed.
2. Refrain from obtaining a passport.
3. Travel restricted to the District of Rhode Island and the District of Kansas with advance permission of Pretrial Services
4. Participate in mental health treatment.
5. Refrain from the possession of a firearm, destructive device or other dangerous weapon.
6. Submit to home detention with GPS monitoring and abide by its requirements as the supervising officer instructs. The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by supervising officer.
7. Report as soon as possible every contact with law enforcement personnel, including arrests, questioning, or traffic stops
8. Once the defendant has relocated to the District of Kansas the Home Detention will become a Curfew from 10:00 pm to 5:00 am or as directed by the supervising officer.
9. The defendant must submit to unannounced examination of his computer or other electronic equipment by the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the

defendant's computer any hardware or software system to monitor his computer use.

10. The defendant shall have no contact with any child under the age of 18 without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer.
11. The defendant shall not loiter in areas where children congregate. These areas include, but are not limited to, schools, daycare centers, playgrounds, arcades, amusement parks, recreation parks and youth sporting events.
12. The defendant shall not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer.
13. The defendant shall live at a residence approved by the probation office, and not reside with anyone under the age of 18, unless approved, in advance by the probation officer.
14. The defendant shall not possess any material including videos, magazines, photographs, computer generated depictions, or any other forms that depict sexually explicit conduct involving children.
15. The defendant shall have access to one internet connected device, and all other devices in the home shall be password protected by his family, and the defendant shall no be provided access to those devices. By 5:00 pm on 11/8/21, the defendant shall only have access to one internet connected device. Counsel for the defendant will take possession of any other electronic devices.
16. The defendant shall notify the probation officer of all computer and other electronic data storage devices or media owned or operated by the defendant and members of the residence at the commencement of supervision and immediately report any additional software purchases, acquisitions, or use during the term of supervision.
17. Once the defendant has relocated to the District of Kansas travel is restricted to the D/KS and the D/RI for court purposes with pre-approval by pretrial services.
18. The defendant must provide a certification that all firearms have been removed from the proposed residence.
19. Once medically cleared to travel the defendant is required to reside with his sister in the D/KS at the address disclosed to pretrial services. The defendant cannot change residence without the prior permission of pretrial services.

On January 1, 2021, Mr. Jackson appeared with his counsel before the Court for arraignment (in an remote/Zoom hearing) on an Indictment charging him in Ct 1 with Receipt of Child Pornography and in Ct 2 with Possession of Child Pornography. Mr. Jackson entered a plea of not guilty to the charges filed against him. The Court accepted his plea and ordered his continued release on the bail conditions as previously set.

### RESPONSE FOR SUPERVISION/APPARENT VIOLATION

Following his release, all of the conditions of pretrial release and the policies and procedures of the Location Monitoring Program were reviewed with Mr. Jackson both verbally and in writing. Mr. Jackson acknowledged his understanding of all the conditions and what was expected of him to remain in compliance with them. He signed the Location Monitoring Program Participation Agreement and was provided with a copy for his records.

On November 15, 2021, Mr. Jackson was approved to leave the District of Rhode Island in the company of his sister, ███████████, to travel to her home on ███████████ in Leawood, Kansas. Mr. Jackson and ███████████ traveled by car and arrived at ███████████ residence on November 17, 2021.

Since November 17, 2021, Mr. Jackson has been supervised by the U.S. Probation Office in the District of Kansas as a courtesy to the District of Rhode Island.

On July 11, 2022, the U.S. Probation Office in the District of Rhode Island was contacted by Detective Christopher Moore of the Overland Park Kansas Police Department. Detective Moore advsied this officer that a search warrant was issued for Mr. Jackson's residence on ▓▓▓▓▓▓▓▓ ▓▓▓ in Leawood, Kansas in response to a child pornography investigation in which Mr. Jackson was the primary target. According to Detective Moore, the child pornography investigation conducted by his agency identified internet activity linked to Mr. Jackson from May 2022 to June 2022 in which he allegedly engaged in accessing child pornography. Detective Moore advised that at this time the search of the residence revealed a Microsoft Surface Pro computer and an external hard drive (both of which were seized). Detective Moore noted that Mr. Jackson appeared to have tried to concealed/hidden the devices at the time of the search and also that he was not cooperative with officers throughout the search process. Detective Moore advised that there was no arrest made on this date as his agency will conduct a forensic exam of the seized devices and once completed an arrest warrant will be issued based on what the forensic exam/search reveals.

On July 11, 2022, Senior U.S. Probation Officer Diana Kerns in the District of Kansas contacted this officer. Sr. USPO Kerns advised that Mr. Jackson was not approved to have any electronic devices aside from the already pre-approved smart phone authorized by the USPO. Sr. USPO Kerns stated that she had no knowledge of his possession or ability to access a Microsoft Surface Pro and/or any external hard drives. These devices were never disclosed to the USPO and not authorized for Mr. Jackson's use/access by the USPO.

### **RESPONSE TO VIOLATION CONDUCT**

It is respectfully requested that the Court issue a Warrant so that the defendant can be made to appear for a Bail Revocation Hearing.

### **TITLE 18, UNITED STATES CODE, SECTION 3154(5)**

Pursuant to Title 18, United States Code, Section 3154(5), AUSA John McAdams was advised of Mr. Jackson's violation of his release conditions.

Respectfully submitted,

*DAPicozzi*

David A. Picozzi
U.S. Probation Officer
Location Monitoring Specialist
Date: July 12, 2022

Reviewed and Approved:

*Heather McLoughlin*

Heather McLoughlin
Supervising U.S. Probation Officer
Date: July 12, 2022