UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | Case No.: 1:21-CR-00120-WES-PAS |
| : | |
| JAMES WARD JACKSON : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF SUBSEQUENT CHILD PORNOGRAPHY POSSESSION**

Defendant, James W. Jackson, by and through counsel, hereby submits this Memorandum in Support of his Motion in Limine to exclude evidence at trial that he allegedly possessed child pornography, after his indictment in this matter and while on pretrial release. Mr. Jackson is charged with receipt of child pornography in violation of 18 U.S.C. § 2252 (a)(2) and possessing and accessing with intent to view child pornography in violation of 18 U.S.C. § 2252 (a)(4)(B).

## FACTS

The indictment charges that on or about October 30, 2021, Mr. James W. Jackson received (Count 1) and possessed with intent to view (Count 2) images of child pornography. On May 25, 2023, the Defense received notice that the government will seek to introduce evidence, under Fed. R. Evid. 404 (b), for the purpose of showing motive, intent, knowledge, and absence of mistake, related to a search by Overland Park Kansas Police in June of 2022 of a Kansas residence with an IP address assigned to Steven Whitfield, Mr. Jackson's brother-in-law. Mr. Jackson was residing with his sister and brother-in-law at this time while on pretrial release. The search was conducted on the basis that two alleged child pornography files were downloaded using Mr. Whitfield's assigned IP address.

The June 2022 search disclosed that Stephen Whitfield, his wife, Susan Whitfield, and her brother, James Jackson, resided at the home in Leawood, Kansas. Police discovered several electronic devices within the home, including a computer, a laptop, and an iPhone belonging to Stephen Whitfield. However, nothing of evidentiary value was found on those devices. Police also found a laptop, an iPhone, and an iPad belonging to Susan Whitfield, but nothing of evidentiary value was found on them. Lastly, police found a laptop and an external hard drive in the bedroom allegedly used by Mr. Jackson. While unable to recover the files on the hard drive, there were three file names with titles that police associated with child pornography.

## ARGUMENT

In order to admit Fed. R. Evid. 404 (b) evidence, the Court must decide whether the evidence submitted "is probative of a material issue other than character." *United States v. Raymond*, 697 F.3d 32, 38 (1st Cir. 2012) (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988). To be admissible, Rule 404 (b) evidence must be shown to "have special relevance to an issue in the case such as intent or knowledge." *Raymond, supra* (quoting *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000)).

In *United States v. Gaudet*, 933 F.3d 11, 18 (1st Cir. 2019), the importance of "the 'temporal proximity' between two unrelated [events] as it pertained to the defendant's intent to commit the more recent [event]" was noted. The 404 (b) evidence sought to be admitted in Mr. Jackson's case, alleged to be relevant to his intent or knowledge at the time of the charged act, was subsequent to the act with which he is charged. Therefore, its relevance is, at best, limited.

Also, "the foundational requirements for Rule 404 (b) evidence" includes "that the finder of fact 'can reasonably conclude that the act occurred and that the defendant was the actor.'" *Raymond*, *supra* (quoting *Huddleston*, 485 U.S. at 689). The 404 (b) evidence that the state

2

wishes to introduce in Mr. Jackson's case is evidence that a hard drive was found in the Kansas home of the Whitfield's, where he was a temporary house guest, which contained file names that police associate with child pornography. At trial, such a conclusion, without knowing the contents of the actual files (i.e. images), would need to be contested, as would the ownership of the seized hard drive.

Even if relevant, to be admissible under Rule 404 (b), the "evidence also must pass through the filter of Federal Rule of Evidence 403, which demands that the probative value of the evidence must substantially outweigh any [of several dangers specified in the Rule, including the] danger of unfair prejudice." *Raymond, supra*. See also *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "'Unfair prejudice' within [the] context [of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." *Old Chief*, *supra* (quoting Advisory Committee's Notes on Rule 403). See also *Gaudet*, *supra* at 17-18; *United States v. Jones*, 748 F.3d 64, 71 (1st Cir. 2014).

In *Jones*, *supra*, the Court gave examples of the sort of passion or bias that might cause a jury to unfairly condemn a defendant: "a jury that uses that evidence to convict because it is disgusted by the defendant's criminal past rather than convinced that he did the crime charged. [citing *Old Chief*] Or think of a jury that—unsure of guilt—convicts anyway because it believes the other-crimes evidence shows the defendant is an evildoer who must be locked up." That is precisely the unfair prejudice that should cause the Court to exclude under Rule 403 the state's offered Rule 404(b) evidence in Mr. Jackson's case.

There is also another Rule 403 danger present in Mr. Jackson's case—the danger of undue delay and waste of time. The government's evidence, as mentioned above, is of alleged subsequent possession of child pornography based on an accusation that a hard drive found in the

home of the Whitfields, where he was a guest, contained file names that authorities associate with child pornography. The introduction of such evidence would require testimony from an out-of-state witness or witnesses that would require cross-examination on the circumstances surrounding the search of the Whitfield residence, including the location and contents of the hard drive. This would result in the delay, and waste of time, of a "trial within a trial," in order to establish possession of the seized items, and thereafter, the illicit nature of files that have not been recovered or forensically analyzed, to support the legal conclusion that they are in fact child pornography. *United States v. Sweeney*, 887 F.3d 529, 538 (1st Cir. 2018); *United States v. Majeroni*, 784 F.3d 72, 76 (1st Cir. 2015).

In summary, the alleged 404 (b) evidence of child pornography possessed by Mr. Jackson subsequent to the charged possession should be excluded under Rule 403 because any probative value of such evidence is substantially outweighed by the dangers of unfair prejudice, confusing or misleading the jury, and undue delay or waste of time.

## **CONCLUSION**

For the reasons stated above, the Defense asks that the Court issue a pretrial order precluding the introduction or admissibility of the evidence described herein.

Respectfully submitted this 30th day of May 2023.

/s/ John L. Calcagni III, Esq
John L. Calcagni III (Bar No.: 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Suite 300
Providence, RI  02903
Phone: 401-351-5100
Fax: 401-351-5101
jc@calcagnilaw.com

4

**CERTIFICATION**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on May 30, 2023.

                                                /s/ John L. Calcagni III, Esq
                                                John L. Calcagni III (Bar No.: 6809)